UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

ALVIN FAULKNER,

                  Petitioner,

    v.

UNITED STATES MARSHAL SERVICE,

                  Respondent.

NOT FOR PUBLICATION

**TRANSFER ORDER**
20-CV-2845 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

    Petitioner Alvin Faulkner, proceeding *pro se* and currently incarcerated at the Western Correctional Institution located in Cumberland, Maryland, filed a petition for a writ of habeas corpus on June 22, 2020, pursuant to "28 U.S.C. § 2251." (Pet., Docket Entry No. 1.) For the reasons set forth below, the petition is transferred to the United States District Court for the District of Maryland.

    **I. Discussion**

    The Eastern District of New York is not the proper venue for this action. Petitioner alleges that on November 7, 2016, the State of Maryland transferred his custody to the United States Marshal's Service. (Pet. 4–5.)[1] Petitioner further alleges that his incarceration is unconstitutional as he received a Presidential pardon. (*Id.* at 5.) Petitioner seeks release from custody and requests that the Court "grant a writ of habeas corpus and issue an order" directing "[R]espondent to reproduce Public Record, United States Pardon # 3011897210." (*Id.*)

---

[1] Because the petition is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

The Court liberally construes Petitioner's request as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In order to entertain a habeas petition under section 2241, a court must have jurisdiction over the petitioner's custodian.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" (second alteration in original) (quoting 28 U.S.C. § 2242)); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973).  Venue for a habeas petition under section 2241 challenging a petitioner's physical confinement generally lies in the district of his confinement.  *Rumsfeld*, 542 U.S. at 442; *United States v. Needham*, No. 06-CR-911, 2020 WL 2512105, at *2 (S.D.N.Y. May 15, 2020).  Because Petitioner is in custody of the Warden of the Western Correctional Institution located in Cumberland, Maryland, venue lies in the District of Maryland and transfer of this action is appropriate.  28 U.S.C. § 1404(a).

## II.  Conclusion

The Clerk of Court is hereby directed to transfer this action to the United States District Court for the District of Maryland.  *See* 28 U.S.C. §§ 1391(b); 1404(a).  The Court notes that Petitioner failed to file a request to proceed *in forma pauperis* or pay the filing fee.  The Court waives the provision of Local Rule 83.1 which requires a seven-day stay.  No summons shall issue from this Court.  The Clerk of Court is directed to close this case and mail a copy of this order to Petitioner at the address of record.

Dated: July 6, 2020
  Brooklyn, New York

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge